IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENIA ARELI SANTOS ARITA, et al.,           *

     Plaintiffs,                                         *

v.                                                                   *                    Civil Action No. GLR-20-355

STERICYCLE, INC., et al.,                             *

     Defendants.                                       *

                     ******

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion to Remand filed by Plaintiffs Kenia Areli Santos Arita, Olga Pastora Arita Pinto, and three pseudonymous minor children, JAS, KND, and KAD, by and through their parents and next friends Kenia Areli Santos Arita and Quendal Del Cid Montepeque (collectively, "Plaintiffs") (ECF No. 11). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.[1]

## I.      BACKGROUND[2]

Plaintiffs were traveling in a vehicle on August 18, 2016, when it was struck by a vehicle operated by Defendant Steven Andrew Cichon and owned by Defendant Arscott

---

[1] Also pending before the Court are Plaintiffs' Motion to Vacate Dismissal of Defendant Steven Cichon (ECF No. 10) and a Motion to Compel filed by Defendants Stericycle, Inc., and Stericycle Environmental Services, Inc. (ECF No. 17). Because the Court will remand this case to the Circuit Court for Baltimore City, it will terminate these motions as moot.

[2] Unless otherwise noted, the Court takes the following facts from Plaintiffs' Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

Truck Leasing, LLC ("Arscott"). (Compl. ¶¶ 8–10, 13, ECF No. 2). Cichon was "pulling a trailer owned by and/or carrying a load for the benefit of" Defendants Stericycle, Inc., and/or Stericycle Environmental Services, Inc. (collectively, "Stericycle") (together with Arscott, "Defendants"). (Id. ¶ 11). Plaintiffs allege that "at all times material to this action, [Cichon] was acting as the agent, servant, and/or employee of [Arscott] and [Stericycle], and was operating said commercial vehicle and trailer with their knowledge and express permission." (Id. ¶ 12). As a result of the collision, Plaintiffs suffered serious injuries. (Id. ¶¶ 15, 19, 23, 27, 31).

Plaintiffs Kenia Areli Santos Arita, JAS, KND, and KAD are residents of Baltimore County, Maryland. (Id. ¶ 1). Olga Pastora Arita Pinto resides in Honduras but is currently living with the other named Plaintiffs on an extended travel visa. (Id. ¶ 2). Cichon is a resident of Baltimore County, Maryland. (Id. ¶ 6).[3] Arscott is incorporated in Virginia with its principal place of business in Baltimore, Maryland. (Id. ¶ 5). Both Stericycle Defendants are incorporated in Delaware and have their principal place of business in Illinois. (Not. Removal ¶ 8, ECF No. 1).

Plaintiffs filed a Complaint in the Circuit Court for Baltimore City, Maryland on August 15, 2019. (ECF No. 2). Plaintiffs served process on Stericycle on January 10, 2020. (ECF No. 1-2). The Circuit Court for Baltimore City dismissed Cichon from the case on January 29, 2020, due to Plaintiffs' failure to timely serve him. (Not. Removal ¶ 10).

---

[3] Stericycle disputes this and asserts that Cichon is a resident of Colorado. (Not. Removal ¶ 10, ECF No. 1). Because the Circuit Court for Baltimore City dismissed Cichon as a defendant in this matter after Plaintiffs failed to timely serve him, this factual dispute does not bear on the Court's analysis.

Arscott filed an Answer to Plaintiffs' Complaint on February 4, 2020. (Pls.' Obj. Removal & Mot. Remand State Ct. ["Mot. Remand"] ¶ 3, ECF No. 11). Stericycle removed the case to this Court on February 10, 2020. (ECF No. 1). Arscott did not join in or consent to Stericycle's removal. (Mot. Remand ¶ 3). Stericycle premised the removal on diversity jurisdiction, arguing that Arscott had been fraudulently joined and therefore complete diversity existed between Plaintiffs and the remaining Defendants. (Not. Removal ¶¶ 11–14).

Plaintiffs filed an Objection to Removal and Motion to Remand to State Court ("Motion") on March 10, 2020. (ECF No. 11). Stericycle submitted a Response in Opposition to Plaintiffs' Motion to Remand on March 27, 2020. (ECF No. 12). Plaintiffs filed a Reply in Response to Stericycle's Opposition on April 10, 2020. (ECF No. 16).

## II.        DISCUSSION

### A.    <u>Standard of Review</u>

A defendant may remove a state court action to federal court if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions that arise under federal law, 28 U.S.C. § 1331, or have an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship, 28 U.S.C. § 1332(a).

A party seeking removal carries the burden of establishing federal jurisdiction. <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994) (citing <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921)). The Court must strictly construe removal jurisdiction because removal jurisdiction raises significant federalism

concerns. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941)).

Congress has expressed a "clear intention to restrict removal and to resolve all doubts about

the propriety of removal in favor of retained state court jurisdiction." Medish v. Johns

Hopkins Health Sys. Corp., 272 F.Supp.3d 719, 722 (D.Md. 2017) (citing Marshall v.

Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Accordingly, if federal jurisdiction

is doubtful, the Court should grant a motion to remand. Mulcahey, 29 F.3d at 151 (citing

In re Business Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993)).

   "When a civil action is removed solely under [§] 1441(a), all defendants who have

been properly joined and served must join in or consent to the removal of the action." 28

U.S.C. § 1446(b)(2)(A). Defendants must do so "independently or by unambiguously

joining in or consenting to another defendant's notice, within the thirty-day period

following service of process." Costley v. Serv. Prot. Advisors, LLC, 887 F.Supp.2d 657,

658 (D.Md. 2012) (quoting Anne Arundel Cty. v. United Pac. Ins. Co., 905 F.Supp. 277,

278 (D.Md. 1995)). However, "fraudulently joined defendants are not required to consent

to a co-defendant's notice of removal." Shaffer v. Nw. Mut. Life Ins. Co., 394 F.Supp.2d

814, 819 (N.D.W.Va. 2005) (citing Fleming v. United Teacher Assocs. Ins. Co., 250

F.Supp.2d 658, 663 (S.D.W.Va. 2003)).

**B.    Analysis**

   Stericycle argues that Plaintiffs fraudulently joined Arscott in this action and, as a

result, it did not need to seek its consent prior to removing this action to federal court.

Plaintiffs counter that their joinder of Arscott was not fraudulent and, therefore,

Stericycle's removal was procedurally deficient and there is not complete diversity between Plaintiffs and Defendants. At bottom, the Court agrees with Plaintiffs.

Fraudulent joinder is a judicially created doctrine that allows a court to retain jurisdiction over a removed case notwithstanding the presence of a non-diverse party if the removing party can establish that either (1) "there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state defendant in state court," or (2) "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." <u>Mayes v. Rapoport</u>, 198 F.3d 457, 464 (4th Cir. 1999) (quoting <u>Marshall</u>, 6 F.3d at 232). Here, Stericycle does not argue that Plaintiffs engaged in "outright fraud," and therefore must establish that there is "no possibility" that Plaintiffs can establish a cause of action against Arscott in state court. If the Court determines that there is even a "glimmer of hope" that Plaintiffs will succeed against Arscott, it cannot find that Arscott has been fraudulently joined and must remand the case. <u>Hartley v. CSX Transp., Inc.</u>, 187 F.3d 422, 426 (4th Cir. 1999).

The Court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." <u>Hartley</u>, 187 F.3d at 425 (quoting <u>Marshall</u>, 6 F.3d at 232). "The Court may 'consider the entire record,' not only the complaint, to 'determine the basis of joinder by any means available.'" <u>Carter v. Watkins</u>, No. WDQ-12-2813, 2013 WL 2139504, at *3 (D.Md. May 14, 2013) (quoting <u>AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.</u>, 903 F.2d 1000, 1004 (4th Cir. 1990)). But the Court "may not act as a factfinder or 'delv[e] too far into the merits in deciding a jurisdictional question.'" <u>Id.</u> (alteration in original) (quoting <u>Hartley</u>, 187 F.3d at 425).

Here, Plaintiffs have asserted that at all times relevant to this lawsuit, Cichon "was acting as the agent, servant, and/or employee" of Arscott and Stericycle and was operating the vehicle that struck Plaintiffs' vehicle with Arscott and Stericycle's "knowledge and express permission." (Compl. ¶ 12). Stericycle disputes this assertion and, in support of its position, submits two affidavits. The first affidavit, which accompanied its Notice of Removal, is by Leslie Yates, Director of Claims for Stericycle. Yates asserts that at the time of the accident, "Cichon was an employee of Stericycle, Inc." (Yates Aff. ¶ 2, ECF No. 1-3). Yates further states that Cichon "was not employed by [Arscott] and Arscott had no involvement with managing, supervising or controlling [Cichon's] work activities as an employee of Stericycle, Inc." (Id. ¶ 3).

The second affidavit, which accompanied Stericycle's Opposition to Plaintiffs' Motion, was written by Sean Griffin, Chief Financial Officer for Arscott. In the affidavit, Griffin asserts that Arscott "leased the vehicle involved in the accident which is the subject [of] this litigation to the Defendant Stericycle Incorporated pursuant to a written lease[.]" (Griffin Aff. ¶ 4, ECF No. 12-1). Griffin states that the lease "did not provide that [Arscott] would provide any drivers for its leased vehicles." (Id. ¶ 5). Finally, Griffin avers that "[a]t no time did [Arscott] ever employ [Cichon.]" (Id. ¶ 6).

Apart from these two affidavits, Stericycle has provided no additional evidence demonstrating the absence of an agency relationship between Cichon and Arscott or otherwise precluding the possibility that Plaintiffs may establish liability on the part of Arscott. The facts before the Court are similar to those presented in Carter. In that case, plaintiffs sued several entities in state court following the death of their son in a house fire.

<u>Carter</u>, 2013 WL 2139504, at *1. The non-diverse defendant, Vandel, leased the house to one of the plaintiffs. <u>Id.</u> The removing defendant argued that joinder of Vandel was fraudulent because Vandel was not managing the property at the time of the fire and therefore could not be held liable for the damages incurred by plaintiffs. <u>Id.</u> at *4. The court disagreed, holding that the defendant had "not carried its burden to show there is no possibility that the facts establish Vandel's liability," and granted plaintiffs' motion to remand. <u>Id.</u> at *5. Similarly, here, although Stericycle produces sworn statements from two individuals attesting that Arscott lacked an agency relationship with Cichon, it has not proven that there is no set of facts that could establish such a relationship. Moreover, given "the Court's obligation to resolve any doubts about the propriety of removal in favor of remand, the  defendants' self-serving affidavit is insufficient to  carry  their  burden  of proof[.]" <u>C-Care, LLC v. Keys, Inc.</u>, No. WDQ-13-2380, 2013 WL 12423787, at *2 (D.Md. Oct. 24, 2013) (footnote and citations omitted); <u>see also</u> <u>Schoonmaker v. Emerson Climate Techs., Inc.</u>, No. 6:16-CV-03017-MDH, 2016 WL 1573003, at *3 (W.D.Mo. Apr. 19, 2016) (finding that "two self-serving declarations stating [Plaintiff's alleged supervisor] had no authority over the terms/conditions of Plaintiff's employment" were "insufficient to establish fraudulent joinder"). Indeed, Stericycle has not directed the Court to any cases with similar fact patterns in which courts denied a motion to remand.

"Although defendants may ultimately be correct that plaintiffs' claim . . . lacks merit, a court evaluating a 'nominal party' or 'fraudulent joinder' contention is not in a position of evaluating the full merits of the parties' controversy." <u>Moore v. Svehlak</u>, No. ELH-12-2727, 2013 WL 3683838, at *19 (D.Md. July 11, 2013). Here, Stericycle may

well be correct that Plaintiffs will be unable to establish liability on the part of Arscott. But because the Court "cannot say with certainty" that Plaintiffs' claims against Arscott will be unsuccessful, see Hartley, 187 F.3d at 425, it finds that Arscott was not fraudulently joined. As a result, Stericycle's removal was procedurally defective because it failed to seek Arscott's consent for removal. Additionally, in the absence of complete diversity, the Court lacks jurisdiction over this lawsuit. For these reasons, the Court will grant Plaintiffs' Motion.

### III.       CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' Objection to Removal and Motion to Remand to State Court (ECF No. 11). A separate Order follows.

Entered this 12th day of November, 2020.

_____/s/_____
George L. Russell, III
United States District Judge